30 N.J. Super. 596 (1954)
105 A.2d 700
MICHAEL GOLDENBERG, PLAINTIFF,
v.
MAX SEBERSKY, A/K/A MAX SEBERSKY, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided June 3, 1954.
*597 Mr. Robert G. Leff, attorney for plaintiff.
Mr. Michael E. Grant, attorney for defendant.
GAULKIN, J.C.C.
Defendant moves for an order "striking the complaint * * * and dismissing the action on the ground that the complaint was not sufficiently or legally served."
At best, improper service ordinarily authorizes no more than the setting aside of the service. Colon v. Pennsylvania Greyhound Lines, 27 N.J. Super. 280, 283 (Law Div. 1953). This motion might therefore be denied on this ground alone. However, to save time, the motion will be treated as one to set aside the service.
Defendant appears by his attorney and says that the service is improper because the return of the sheriff recites that the summons was served upon defendant "at his usual place of abode, 826 Bergen St., Newark, N.J., by leaving a copy thereof, together with a copy of the complaint, with a competent female member of his family of the age of fourteen years or over, then residing therein, Lillian Sebersky, his wife," whereas in fact 826 Bergen Street was not his usual place of abode.
Defendant filed no affidavit of his own in support of the motion. When asked by the court where his client in fact lives, defendant's counsel said he did not know.
The only affidavit filed in support of this motion is one by defendant's wife. She says that defendant and she lived at 826 Bergen Street, the place of service, until January 1952; that although she still continues to operate the hardware *598 store which has been operated at that address for the past 14 years, she and her husband moved their living quarters from the store premises in January 1952 to 130 Keer Avenue, Newark. She and her husband lived there until July 1953, but, says she, "in that month we separated * * * my husband left the home. As a result of this action, I have lost all interest in my husband, and neither care nor know where he is residing."
How the defendant learned of the suit does not appear, nor is it explained why this supposedly angered wife supplied the only affidavit in defendant's behalf.
At common law, objection to the manner of the service of a writ, based on matters dehors the record, was made by a plea in abatement. Nye v. Liscombe, 21 Pick. 263 (Mass. Sup. Jud. Ct., 1838); Bishop v. Vose, 27 Conn. 1 (Conn. Sup. Ct. of Err., 1858); 71 C.J.S., Pleading, § 133.
Although we abolished the form known as the plea in abatement long ago, much of the relief which that plea provided is still essential to justice and to orderly and logical pleading. Hence we provide that that relief be obtained by motion. However, those fundamental principles which controlled, and the incidents that arose from, the old plea in abatement still apply insofar as they advance justice and are consistent with our rules. Cf. Commercial Credit Corp. v. Boyko, 103 N.J.L. 620, 624 (E. & A. 1927); Igoe Bros. v. National Surety Co., 112 N.J.L. 243, 249 (E. & A. 1933).
Common-law pleading has been justly criticized for its many technicalities, which often sacrificed justice to form. New Jersey bounded away from the technicalities of common-law pleading with a few giant strides, the first legislative, the last by our rules. We have moved so quickly and so far that we are inclined to forget that often the common-law judges, conscious of some of those technicalities, and without the aid of legislation, invented ameliorating devices. Since their purpose was to advance justice, these devices are often as useful today as they were two centuries ago. When we threw away the irritants of common-law pleading, we saved those emollients which are still useful.
*599 One such ameliorating device was the principle that a defendant who pleaded in abatement was obliged to give the plaintiff "`a better writ.'" Commercial Credit Corp. v. Boyko, 103 N.J.L. 620, 624 (E. & A. 1927); 71 C.J.S., Pleading, § 135c; Gaddis v. Barnes, 112 N.E.2d 881 (Ind. App. Ct. 1953). Chitty said (13th Amer. ed., 1859, p. 446) "the plea in abatement must not only point out the plaintiff's error, but must show him how it may be corrected, and furnish him with materials for avoiding the same mistake. * * *"
An examination of the file shows that subsequent to the service of the notice of this motion, service was attempted at 130 Keer Avenue, and the sheriff made return that "Wife informs me that Deft. does not reside there. Served at atty's request." Service was also attempted at 318 Belmont Avenue, the residence of defendant's sister, and the sheriff made return that "Sister informs me that Defendant does not reside there. Served at attys request."
In Gaddis v. Barnes, supra, defendant attacked the service upon substantially the same grounds as in the case at bar. He also did not set forth his address in his plea in abatement, nor did he appear as a witness in the ensuing hearing. Instead, his stepmother and his stepsister appeared and testified that he did not live at the address at which the summons was left. Although there appeared to be no contrary testimony, and the lower court had set aside the service, the Appellate Court of Indiana reversed saying:
"The plea in abatement and the evidence in support thereof is defective in that such plea in abatement and the evidence in support thereof does not show where the actual residence of the defendant, Harold Barnes, Jr., was at the date of the service of summons. A much stronger case is made in the instant case on this particular point than the situation presented in the case of Greis, Trustee v. Herbert, 1940, 108 Ind. App. 369, 27 N.E.2d 924, 926, in which this court stated:
`To support the plea, the evidence should have disclosed with the same degree of particularity and certainty as the pleading the place of his "usual place of residence," so as to permit jurisdiction over his person to be acquired by service upon him * * * at his usual place of residence, * * *.'
*600 * * * As appellee concedes in his brief in the instant case, `no witness knew where the defendant lived' nor did the defendant establish where he lived by his plea in abatement or by making proof of his actual residence. A plea in abatement is a dilatory plea. It is regarded with disfavor in the law as having the effect of excluding the truth. * * *"
No words could better express why defendant's motion should be denied than the following paragraph from page 884 of 112 N.E.2d of the Gaddis opinion:
"To permit a defendant to appear specially and file a plea in abatement and deny that service was had at his last and usual place of residence, without disclosing in such plea the place of his actual residence * * *, would permit a subterfuge which is not justified in reason or in law."
Any other rule would make us not judges of a court of law, but judges at a masked ball, awarding prizes for the best disguises.
In view of the foregoing there is no need to determine the validity of the service, and no opinion is expressed thereon.
The motion is denied.