60 N.J. Super. 221 (1960)
158 A.2d 704
FIRST NATIONAL BANK OF FREEHOLD, NEW JERSEY, ETC., PLAINTIFF-APPELLANT,
v.
EDWARD C. VIVIANI, DEFENDANT, AND JULIA VIOLA VIVIANI AND IRENE DORIS VIVIANI, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1960.
Decided March 8, 1960.
*222 Before Judges PRICE, GAULKIN and SULLIVAN.
*223 Mr. Bernard H. Weiser argued the cause for plaintiff-appellant.
Mr. Elias A. Kanter argued the cause for defendants-respondents (Messrs. Wilentz, Goldman, Spitzer & Sills, attorneys).
The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiff seeks to reverse the order of the County Court, Law Division, vacating, as to defendants Julia Viola Viviani and Irene Doris Viviani (Irene Doris Angelini, wife of Lee Angelini), a default judgment entered in favor of plaintiff for $4,041.07. The judgment was based on two promissory notes, concededly made and owing by all of the defendants to plaintiff. We heretofore granted leave to appeal from the aforesaid order.
The trial court's action in vacating the judgment on the return of an order to show cause was based on its consideration of affidavits submitted on behalf of appellant and respondents. The court concluded that respondents had not legally been served with copies of the summons and complaint. Service of process was purportedly made on them on October 27, 1958, in accordance with R.R. 4:4-4(a), by serving defendant Edward C. Viviani, husband of Julia and father of Irene, at his residence in Englishtown, described in the sheriff's return as the "usual place of abode" of respondents. They challenged the legality of the service upon them by asserting respectively that Julia had separated from her husband in June or July 1958 and since then resided in Florida, and that Irene had married on April 19, 1958 and since that date resided in Trenton. There was no denial that their former place of abode was at the Englishtown address. The sole question presented is whether, in view of conflicting statements contained in the affidavits of appellant and respondents as to the true place of abode of the respondents at the time of the service of process, the trial court was justified in vacating the judgment without *224 taking depositions or conducting a hearing at which the parties and their witnesses could have been examined and cross-examined.
Following the entry on November 24, 1958 of a default judgment against defendants in favor of plaintiff in the aforesaid sum, the sheriff was requested by plaintiff's attorney to levy on certain property mentioned in financial statements which had been furnished to plaintiff. Although not a controlling factor in the case, the record reveals that, by deed dated September 7, 1957 and acknowledged September 10, 1957, Irene conveyed a tract of land, mentioned in said statement, to a corporation named Viviani, Inc. The deed was not recorded until January 12, 1959, after the entry of the aforesaid default judgment. Plaintiff asserts that an existing practical problem is that, if the order vacating the judgment be affirmed, the transferred property will be unavailable for sale under execution unless in an independent proceeding based on fraud such transfer is set aside. It urges that such factor emphasized the necessity that the issue of the challenged service be not resolved on the consideration of affidavits only.
Respondents rely on the provisions of R.R. 4:44-4 in supporting the trial court's action vacating the judgment solely on the basis of its consideration of the submitted affidavits. Our examination of the record leads us to the conclusion that, in view of the factual conflict disclosed by the affidavits, the contested issue should not have been resolved without the taking of depositions or the examination of witnesses in the presence of the court. Such procedure affords the only satisfactory method of determining the facts in cases such as this.
At common law alleged insufficiency in the service of process, based on matters dehors the record, was raised by plea in abatement. Goldenberg v. Sebersky, 30 N.J. Super. 596, 598 (Cty. Ct. 1954). Later it was raised by answer, and may still be so raised under R.R. 4:12-2(d). While under the cited rule (R.R. 4:44-4) the challenge *225 levelled against the sufficiency of the service may in an appropriate case be raised by motion and resolved on affidavits, this procedure may not be followed where, as here, sharp factual dispute exists. Cf. Romano v. Maglio, 41 N.J. Super. 561, 573 (App. Div. 1956), certification denied 22 N.J. 574 (1956). We are of the opinion and accordingly hold that the judgment in the instant case should not have been vacated on a consideration of the affidavits only, even though counsel did not ask for a formal hearing or for the opportunity to take depositions. The reason behind the former practice which required a hearing when the issue of the propriety of the service of process was in factual dispute was sound and, in such a case as is here presented, should be followed today. Only by such procedure can a court make certain that it has fully explored the issue and correctly adjudged it. "Cross-examination is the most effective device known to our trial procedure for seeking the truth." Miller v. Henderson, 41 N.J. Super. 15, 25 (App. Div. 1956), certification denied 22 N.J. 229 (1956).
The order of the trial court, vacating the aforesaid judgment against respondents, is reversed and the cause is remanded to the end that the issue of the challenged service may be resolved by the trial court on oral testimony or on depositions (or both) of the respective parties and their witnesses.
No costs.