109 N.J. Super. 317 (1970)
263 A.2d 170
GIRARD ACCEPTANCE CORPORATION, PLAINTIFF-RESPONDENT,
v.
JOHN L. BOYLE AND MARGARET E. BOYLE, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1970.
Decided March 25, 1970.
*318 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. William C. Levine argued the cause for appellants (Mr. David H. Dugan, III, Director Camden Regional Legal Services, Inc., attorney; Mr. Leonard H. Wallach, Assistant Director, of counsel).
Mr. Abraham Greenberg argued the cause for respondent (Messrs. Greenberg, Shmerelson & Greenberg, attorneys).
The opinion of the court was delivered by LEWIS, J.A.D.
Defendants John and Margaret Boyle appeal from a dismissal of their answer and counterclaim in a foreclosure action, and from the final judgment of the Chancery Division rendered in favor of plaintiff Girard Acceptance Corporation (herein Girard).
We recite only the alleged facts pertinent to the issues on appeal. On March 2, 1967 defendant-husband (herein Boyle) visited Robin Ford, an automobile dealer in Pennsylvania, and traded his 1966 Volkswagen bus for a 1966 Ford station wagon. The selling price of the Ford was $3395, on account of which Boyle was allowed a trade-in value of $1745 for the Volkswagen. What he still owed on *319 the Volkswagen exceeded the trade-in allowance by $286. The cost of the new vehicle, including the item of $286, taxes, insurance, interest and financing charges, totaled $5603.52.
In consummating the transaction Boyle signed a number of papers, including (a) a bailment lease-security agreement in favor of Robin Ford which concluded with 24 small-print paragraphs, some with subdivisions, at the end of which agreement is a separate printed form of "assignment without recourse" to Girard; (b) a judgment confession note of $5603.52 payable to Girard; (c) a one-page, 12-line printed "indenture," which purported to further secure to Girard the stated indebtedness, "according to a certain note or obligation bearing even date herewith," by a mortgage on defendants' residence described therein as "Premises 780 Devenney Drive, Bellmawr, N.J.," and (d) a "Declaration of No Set-off Covering Assignment of Lease for Motor Vehicles" to Robin Ford, on the reverse side of which is written "Our payments are 116.74 per month for 48 mos. for which we are signing a mortgage to be recorded."
Mrs. Boyle was not with her husband at Robin Ford's on March 2. She testified that on the following day, while her husband was at work, "someone" came to their home in Bellmawr, N.J., and presented papers to her and she signed them. In her pretrial depositions she testified:
Q. Did you know that you were signing a mortgage on your home?
A. No, I didn't, never.

* * * * * * * *
Q. Did you indicate that you signed because your husband had already signed?
A. Yes.
Q. You didn't read them because you were in a hurry, you were busy?
A. That's right.
After making five monthly payments, defendants defaulted and their Ford station wagon was repossessed. It was sold for $1409.09, which when credited with an advanced *320 life insurance premium and unearned interest refunds resulted in a balance of $3083 allegedly due and owing under the executed instruments.
On June 18, 1968 Girard, having unsuccessfully demanded payment of that balance, instituted an action in the Chancery Division to foreclose its mortgage on defendants' home. The Camden Regional Legal Services, Inc., representing defendants, filed an answer raising nine affirmative defenses and a counterclaim seeking (1) rescission of the transaction, (2) cancellation of the mortgage, (3) $5,000 punitive damages for fraud, (4) $5,000 compensatory damages for mental and physical pain and suffering, and (5) declaratory relief.
In a collateral proceeding pending in the Camden County District Court, Robin Ford sued John Boyle for $366.84 representing an overpayment to Affiliated Finance Corporation with respect to prior financing of the Volkswagen bus, which amount was allegedly remitted in error to Boyle instead of Robin Ford. Defendants' motion to transfer that litigation to the Chancery Division for consolidation with the foreclosure action was denied on November 12, 1968. We note that Robin Ford is not a party in the Chancery proceeding.
Girard, based on the depositions of defendants, moved to dismiss the answer and the counterclaim, and to submit proof as to the amount due on its mortgage "for the purpose of entering final judgment on foreclosure." The hearing on that motion was concluded with the statement:
The Court recognizes that the Department of Legal Services perhaps are within their complete right to file the type blunderbuss answer and counterclaim which they seemed to think is proper in response to this type of matter, but on a complete review of the pleadings that have been filed and the deposition that's been taken, this Court grants the motion of the plaintiff.
A concordant order was entered.
Subsequently, on the filing of an affidavit as to the amount due, final judgment was entered on April 21, 1969 *321 which adjudged "that plaintiff is entitled to have the sum of $3083.00 together with lawful interest from March 14, 1969, its costs of this suit, to be taxed, including a counsel fee of $94.49, raised and paid out of the mortgaged premises described in the said complaint." Execution, however, was stayed pending defendants' appeal to this court.
Here, they raise nine points: (1) the trial court erred in dismissing their answer and counterclaim; (2) it was a judicial abuse of discretion to deny their motion to transfer and consolidate the county district court action; (3) final judgment was entered without the required notice to defendants; (4) the Pennsylvania note and mortgage to a Pennsylvania corporation were not enforceable by plaintiff, a New Jersey corporation; (5) Girard is not a holder in due course; (6) Girard, at the time of the transaction in question, was not licensed under the Secondary Mortgage Loan Act of this State; (7) the provisions of that act and its attendant regulations were violated; (8) that act is retroactively applicable, and (9) failure of the trial court to take oral testimony at the hearing on defendants' motions was reversible error.
The crucial issues in this case are (1) the validity of the several documents that were executed; (2) was there any fraud, misrepresentation or overreaching by Robin Ford at the inception of its transaction with defendants, and (3) whether Girard is a holder in due course. We are satisfied that, if the defendants had properly pleaded, presented and argued their case before the Chancery Division, all meritorious issues would have been adequately and expeditiously considered.
The success of litigation does not depend upon the number of conceivable issues that can be raised. Random prolixity and the assertion of ill-conceived claims only smother the critical issues that should be brought to light. "A pleading is not a vehicle for publishing one's opinion." Meyers v. Huschle Bros., 75 N.Y.S.2d 350, 353 (Sup. Ct. Part I), aff'd 75 N.Y.S.2d 354 (App. Div. 1947). When pleadings *322 confuse "they make not light but darkness visible." In short, the rubric in Shipman's Common-Law Pleading (2d ed. 1895), § 354, at 472, "Surplusage is to be avoided," is certainly no less sound today than it was in the 19th century. Cf. Johnson v. Savings, & c., Trust Co., 107 N.J. Eq. 547, 550 (Ch. 1931), aff'd 110 N.J. Eq. 466 (E. & A. 1932).
The basic question before us is whether the pleadings raised issues of fact that should be determined only after a plenary hearing. We have been put to unnecessary labor on this appeal because the record before us is confusing, inept and inadequate. We found it necessary to require the production of the complete record of the pretrial proceedings and all original exhibits.
Upon an examination of the mortgage indenture, we find on the reverse side thereof an acknowledgment, dated March 2, 1967, by a notary public of Philadelphia County, Pennsylvania, stating that "John L. Boyle and Margaret E. Boyle" appeared before him, that he was satisfied that they were "the grantor(s) mentioned in the above mortgage," and that "having first made known to them the contents thereof they acknowledged that they signed, sealed and delivered the same as their voluntary act and deed." Since Mrs. Boyle was not with her husband in Pennsylvania on March 2 when he executed the sundry instruments, there is serious doubt as to whether she ever acknowledged the execution of the real estate mortgage, which may lend credence to her testimony that she did not know she had signed such a document encumbering her home.
Moreover, it appears from the supplemental material submitted at this court's request that the payments incident to the Volkswagen bus were approximately "$60.00 per month" for 36 months. This is significant in light of Boyle's deposition:
Q. Now, in what is labeled here as your third affirmative defense, in Paragraph 1 you have said in order to induce the defendants to consummate the transaction the plaintiff and Robin Ford made false *323 and fraudulent representations to the defendants, meaning you and your wife.
What false and fraudulent representations did Robin Ford make to you?
A. Well, they told me the payments on the car I bought from them would be the same as the payments I was paying on the Volkswagen that I traded in.
The bare bones of the challenged transaction is that defendants obtained possession of a new car under a Pennsylvania form of an agreement which purported to be a lease from Robin Ford that required monthly payments of $116. They defaulted after five months and lost possession of the vehicle to Girard who now claims $3,084 under a mortgage lien on their home. Whether they were the victims of fraud, misrepresentation or inequitable overreaching should be resolved after the taking of pertinent testimony.
Although the trial court may decide a motion exclusively upon the pleadings, depositions, affidavits and exhibits, it should not do so when they reveal a genuine issue as to material facts, but should instead exercise its discretionary power to take oral testimony. Tancredi v. Tancredi, 101 N.J. Super. 259, 262 (App. Div. 1968); see Romano v. Maglio, 41 N.J. Super 561, 573 (App. Div.), certif. den. 22 N.J. 574 (1956), cert. den. 353 U.S. 923, 77 S.Ct. 682, 1 L.Ed.2d 720 (1957); First National Bank of Freehold v. Viviani, 60 N.J. Super. 221, 225 (App. Div. 1960). Accordingly, we are constrained to remand for that purpose.
Having thus concluded, we need not discuss the remaining points raised on appeal other than to make these observations: (1) Although Unico v. Owen, 50 N.J. 101 (1967), is factually distinguishable, the broad principles of law therein enunciated with respect to holders in due course are not necessarily limited to the facts of that case. See also HIMC Investment Co. v. Siciliano, 103 N.J. Super. 27, 36-37 (Law Div. 1968), and N.J.S.A. 12A:3-306. Note generally the article by Professor Philip Shuchman, *324 "Profit on Default: An Archival Study of Automobile Repossession and Resale," 22 Stanford L. Rev. 20 (1969). (2) Defendants' arguments as to the controlling effect of the Secondary Mortgage Loan Act, N.J.S.A. 17:11A-1 et seq., in the instant circumstances, are without merit. (3) Any uncertainty as to the real parties in interest should be clarified by appropriate amendments to the pleadings.
Reversed and remanded for further proceedings consistent with this opinion.