127 N.J. Super. 323 (1974)
317 A.2d 388
PUBLIC ACCEPTANCE CORPORATION, PLAINTIFF-APPELLANT,
v.
WILLIAM TAYLOR, JOHN SIMMONS AND DOROTHY SIMMONS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1974.
Decided March 25, 1974.
*324 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. James Greenberg argued the cause for appellant (Messrs. Greenberg, Shmerelson & Greenberg, attorneys).
Mr. John F. Vassallo, argued the cause for respondents (Mr. Steven Warm, attorney).
PER CURIAM.
Plaintiff brought an action in the Burlington County District Court to recover on a promissory note. At the end of the presentation of plaintiff's case, the judge granted a motion to dismiss.
The promissory note dated April 28, 1969 was given pursuant to an installment contract to purchase an automobile; it obligated defendants to make 48 consecutive payments. The transaction, which took place in Pennsylvania, included the giving of a second mortgage on the Simmons' residence in *325 New Jersey as additional security for the amount due on the installment contract. The face amount of the note included the cash price of the vehicle, Pennsylvania sales tax and an advance for credit life insurance and health and accident insurance as well as collision insurance on the vehicle.
The trial judge held that plaintiff was barred from recovery because the transaction violated the Secondary Mortgage Loan Act of 1965, N.J.S.A. 17:11A-1 et seq., the statute which was in effect at the time of the purchase of the motor vehicle. Cf. N.J.S.A. 17:11A-35 et seq., a superseding statute which took effect in 1970. The trial court relied on Oxford Consumer Dis. Co. of No. Phila v. Stefanelli, 102 N.J. Super. 549 (App. Div. 1968), supplemented 104 N.J. Super. 512 (App. Div. 1969), aff'd as modified 55 N.J. 489 (1970), app. dism. 400 U.S. 808, 91 S.Ct. 45, 27 L.Ed.2d 38 (1970).
The pivotal question is whether the transaction in this case was a "loan" within the meaning of that term as used in the Secondary Mortgage Loan Act of 1965. That act defined a secondary mortgage loan as "a loan made to an individual * * * which is secured in whole or in part by a mortgage upon any interest in real property used as a dwelling * * *, which real property is subject to the lien of one or more prior mortgages." N.J.S.A. 17:11A-1. The statute did not include sales or other such transactions within the definition of loan. We note but do not deal with the fact that the statute has been repealed, L. 1970, c. 205, § 30, since that issue has not been raised here or in the trial court by any of the parties. See Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973).
In Tiernan v. Carasaljo Pines, 51 N.J. Super. 393 (App. Div. 1958), a loan was defined as follows:
* * * A loan of money is a lending, on one side, and a borrowing on the other. The conception of loaning money is well understood and the incidents pertaining to an agreement for the loan of money are few and simple: an advancement of money by the lender at the time of agreement, and a stipulation or agreement to repay it and generally *326 with interest, at a future date, by the borrower. Freeman adsm. Brittin, 17 N.J.L. 191, 231 (S.Ct. 1839). * * * [at 404-405]
The distinction between an installment sale and a loan has been recognized in connection with the enforcement of the usury statute, N.J.S.A. 31:1-1. In Steffenauer v. Mytelka and Rose, Inc., 46 N.J. 299 (1966) it was held that a transaction in which plaintiff purchased dry cleaning equipment under an installment contract was a sale, and, that even though a credit service charge exceeding 6% was made, the usury statute did not apply. Similarly, in Sliger v. R.H. Macy & Co., Inc., 59 N.J. 465, 469 (1971), it was held that an increase in price for a credit sale over a cash sale price "is not a loan or forbearance of money." See also, In re Oakes, 267 F.2d 516 (7 Cir.1959).
In the instant case plaintiff made an advance of money to pay for automobile collision insurance, creditor life insurance and creditor health and accident insurance. That did not, however, change the basic nature of the transaction. The advance of moneys for insurance premiums was incidental to the main purpose of the transaction, the sale of the automobile. The situation here is virtually identical with that in Girard Acceptance Corp. v. Boyle, 109 N.J. Super. 317, 324 (App. Div. 1970) where, although an advance for insurance premiums was made, it was held that the Secondary Mortgage Loan Act of 1965, N.J.S.A. 17:11A-1, did not control.
The judgment of the trial court is reversed and remanded for trial on the remaining issues.