146 N.J. Super. 541 (1977)
370 A.2d 91
GEORGINA GUAS, PLAINTIFF,
v.
CARMELO GUAS AND RAFAEL ORTIZ, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 11, 1977.
*543 Ms. Silvia Brandon-Perez for plaintiff (Mr. Anthony F. Malfitano, attorney).
Mr. Ralph A. DeSevo for defendant Carmelo Guas (Messrs. DeSevo, Cerutti & Lombardi, attorneys).
BILDER, J.S.C.
This is a motion by a nonresident defendant to quash service and dismiss the complaint for lack of jurisdiction or alternatively for summary judgment on the ground the action is barred by the statute of limitations.
The underlying suit grows out of a two-car automobile accident which occurred on June 17, 1973 in Haverstraw, New York, between a car driven by a New Jersey resident, defendant Carmelo Guas, and a New York resident, defendant Rafael Ortiz. Plaintiff Georgina Guas, a New Jersey resident, was a passenger in the vehicle driven by her then husband and in this action seeks to recover against both drivers for her personal injuries.
Suit was instituted by the filing of a complaint with the clerk of the Superior Court on June 18, 1975. At that time defendant Guas was no longer a resident of New Jersey. His affidavit shows that sometime after the accident he was divorced from plaintiff and on August 23, 1974 he moved permanently to Miami, Florida where he resides with his parents. Service was made on defendant Guas on March 8, 1976 by the sheriff of Dade County, Florida by leaving a *544 copy of the summons and complaint with defendant's mother at defendant's usual place of abode, as appears from the return of service. It appears that no service has been made on defendant Ortiz.
This motion raises questions as to whether jurisdiction can be acquired in a motor vehicle negligence suit based solely on the defendant's New Jersey status at the time of the accident and, if jurisdiction does lie, whether the statute of limitations tolled when the defendant moved out of the State.

Jurisdiction
Although the jurisdiction question appears to be one of novel impression, an analysis of Cooke v. Yarrington, 62 N.J. 123 (1973), discloses that our Supreme Court has established the appropriate rule.
In Cooke suit was instituted in New Jersey with respect to a two-car accident which took place in Pennsylvania involving a New Jersey resident and a Pennsylvania resident. At the time of the accident defendant Yarrington lived in New Jersey, was licensed by New Jersey and was operating a New Jersey registered car. At the time suit was instituted (some ten days less than two years later) he no longer lived in New Jersey. In the interval he had graduated from college, taken up employment in New York, married and established a permanent residence near his job. Plaintiffs first learned of this move to New York when the attempt to serve him by leaving the suit papers with his mother at her home in New Jersey was challenged. By then an action in New York was barred by the statute of limitations. Service in the New Jersey suit was therefore made at his New York address by certified mail under R. 4:4-4(e).
In reversing a dismissal by the trial court for lack of jurisdiction, our Supreme Court determined there were sufficient New Jersey contacts to support jurisdiction  that *545 the assumption of jurisdiction based on mail service in the light of those contacts was "consistent with due process." See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Defendant in the instant case urges that in Cooke the court was confronted with compelling equities which do not exist here and which make the two situations clearly distinguishable. It is true that the court recognized the equities in Cooke:
* * * the suits were instituted in New Jersey in good faith and on a reasonable assumption that Yarrington resided here. The statute of limitations has since run. It would be undeniably unfair to leave plaintiffs without a trial on the merits. [62 N.J. at 129]
But whether there is a meaningful distinction depends upon the materiality of the equities to the resolution of the jurisdictional question.
Though throughout the opinion the Cooke court spells out the need for equitable relief from what would otherwise be the harsh result of the statute of limitations, the juridical nature of jurisdiction is such that it is not susceptible of equitable extension. A court cannot enlarge its jurisdiction beyond the constitutional grant, whatever the equities. When the court said
The minimal contacts formula is imprecise and necessarily so. The controlling thought is fairness, and this permits flexibility to deal with the myriad factual patterns which emerge from our complex scene. [at 128]
it meant fairness in a due process sense, not in an equitable sense. The court predicated jurisdiction on the New Jersey license and the New Jersey registration. This in a due process sense satisfies the requisite minimal contact requirements. See International Shoe Co. v. State of Washington, supra. Nor is it unfair to require a driver to defend a motor vehicle negligence suit in the state he chose as the situs for the license and registration. Ibid.
*546 Thus, jurisdiction can be acquired in a motor vehicle negligence suit based solely on the defendant's status as a New Jersey licensed driver of a New Jersey registered motor vehicle at the time of the accident.
In the instant case defendant Guas was such a person and is amenable to our jurisdiction. That the plaintiff did not rely on defendant's supposed continued residence but, on the contrary, knew of his departure is irrelevant  as is his total severance of all contact with this State. When he drove a New Jersey registered vehicle with a New Jersey license he thereby subjected himself to our continuing jurisdiction with respect to anything that arose from that activity.

The Statute of Limitations
In this case the cause of action accrued on June 17, 1973 when the accident occurred. Tortorello v. Reinfeld, 6 N.J. 58, 65 (1950). As noted, the complaint was filed June 18, 1975, one day more than two years later. June 18, 1975 was a Wednesday, and absent a tolling of the statute of limitations, the suit is barred. N.J.S.A. 2A:14-2.
N.J.S.A. 2A:14-22 provides as follows:
If any person against whom there is any of the causes of action specified in sections 2A:14-1 to 2A:14-5 and 2A:14-8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the *547 section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation. [Emphasis supplied]
Thus, when defendant Guas moved to Florida on August 23, 1974, the limitations of N.J.S.A. 2A:14-2 were tolled. The argument is made that if defendant is susceptible to the jurisdiction of this court by virtue of his status at the time of the accident, he has been continuously amenable to service despite his departure from the State and therefore the nonresidency tolling should not apply. This argument has already been passed on and rejected with respect to nonresident service under our Motor Vehicle Act, N.J.S.A. 39:7-2. Lemke v. Bailey, 41 N.J. 295 (1963). This court is bound by that decision.

Forum Non Conveniens
There remains, of course, the question of forum non conveniens. What was noted in Cooke is equally applicable here. It may well be that New York is a more convenient forum for trial. And if that is so, the action can be dismissed on condition that defendant accepts service of process in New York, that the New York court accepts the litigation, and that defendant does not assert the bar of the statute of limitations in such an action.
Defendant's motions to dismiss for lack of jurisdiction and for summary judgment on the ground the action is barred by the statute of limitations are denied.