**Roy HOPKINS, Plaintiff,**

**v.**

**KELSEY–HAYES, INC., Defendant.**

**Civ. A. No. 78–1646.**

United States District Court,
D. New Jersey.

Dec. 18, 1978.

J. Llewellyn Mathews, Apell, Howard & Mathews, P.A., Browns Mills, N. J., for plaintiff.

Lee B. Laskin, Laskin & Botcheos, Haddonfield, N. J., for defendant.

## OPINION

BROTMAN, District Judge.

Defendant in this diversity case moves for summary judgment, Fed.R.Civ.P. 56, on the ground that plaintiff's action is barred by the applicable statute of limitations. Because we find that the running of the statute has been tolled by N.J.S.A. 2A:14–22, we deny the motion.

Plaintiff is a New Jersey resident. Defendant is a foreign corporation, organized under the Delaware corporation laws. Defendant admits at ¶ 1 of its answer to the complaint and in its supplemental brief that it has not filed a certificate to do business or a certificate of authority in New Jersey, and indicates that it is not otherwise represented in the State for purposes of service of process.

The suit is one to recover damages for personal injuries allegedly sustained by plaintiff when a tire mounted on a rim manufactured by defendant exploded. This occurred on May 18, 1975 in New Jersey; the suit naming this defendant was filed on April 27, 1978, almost three years after the accident. Normally, the two-year statute of limitations applicable to suits for personal injury would bar the suit, N.J.S.A. 2A:14–2. However, N.J.S.A. 2A:14–22 very explicitly provides for the tolling of such statute of limitations where and so long as "any corporation . . . not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served." The statute also applies to non-resident individuals or resident individuals outside the state.[1]

---

1. The full statutory provision reads:

2A:14–22. Nonresidence of person liable

If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when

Defendant argues that the New Jersey long-arm rule, R.R. 4:4–4 which became effective against corporations in September, 1958, allows the plaintiff to serve defendant by registered mail in Delaware. The defendant therefore contends that the tolling statute should be construed as inapplicable to it. The weight of authority is squarely against defendant on this point. The courts have reasoned that the intent of the legislature which enacted the tolling provision many years prior to the adoption of the long-arm rules must be ascertained relative to the circumstances prevailing at the time of the enactment. *Cohn v. G. D. Searle & Co.,* 447 F.Supp. 903, 907 (D.N.J.1978) (corporate defendant); *Fidelity & Deposit Co. of Md. v. Abagnale,* 97 N.J.Super. 132, 143, 234 A.2d 511 (Law Div.1967).[2] The courts in both cases construed the tolling statute as applicable in situations where the defendant was subject to service by mail under the long-arm rules.

■ This tolling statute has been strictly construed by the New Jersey courts in cases involving automobile accidents in New Jersey where the defendants are non-resident motorists. Cases are virtually unanimous in holding that substituted service imposed by statute, through the New Jersey Director of Motor Vehicles, N.J.S.A. 39:7–2, does not entitle the non-resident defendant to the benefit of the statute of limitation. This is true whether the defendant is an individual or a corporation. *Lackovic v. New England Paper Tube Co., Inc.,* 127 N.J.Super. 394, 317 A.2d 426 (Law Div.1974)

(corporate defendant); *Lemke v. Bailey,* 41 N.J. 295, 301, 196 A.2d 523 (1963); *Whalen v. Young,* 28 N.J.Super. 543, 101 A.2d 64 (Law Div.1953), *rev'd on other grounds,* 15 N.J. 321, 104 A.2d 678 (1954) (corporate defendant); *Blackmon v. Govern,* 138 F.Supp. 884 (D.N.J.1956); *Gotheiner v. Lenihan,* 20 N.J.Misc. 119, 25 A.2d 430 (Sup.Ct. 1942). The only holding the other way, *Ferraro v. Ferro Trucking Co.,* 72 N.J.Super. 519, 179 A.2d 74 (Law Div.1962), has been discredited. *See Lackovic v. New England Paper Tube Co., Inc., supra; Lemke v. Bailey, supra.* Thus, even where a non-resident corporation can easily be served by substituted service within New Jersey, the tolling statute applies to deny it the protection of the statute of limitations.

We perceive no relevant distinction for our purposes between the substituted service in non-resident motorist cases and long-arm service by registered mail. Moreover, the New Jersey courts have expressly noted that the rationale of the non-resident motorist cases is equally applicable to the long-arm service situation. In *Guas v. Guas,* 146 N.J.Super. 541, 370 A.2d 91 (Law Div.1977), the state court held that a resident individual physically outside New Jersey but continuously amenable to service under the long-arm rule relative to New Jersey-licensed drivers of New Jersey-registered vehicles was still subject to the tolling statute. The court cited *Lemke v. Bailey, supra,* a non-resident motorist case, as conclusive support for this result. *Guas v. Guas, supra,* 146 N.J.Super., at 547, 370

such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is

required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.

**2.** Like the district court in *Cohn* which cited the state court holding in *Fidelity,* we perceive no important distinction for our purposes between individual and corporate defendants and will analyze the problem without regard to the type of defendant. *See also, Lackovic v. New England Paper and Tube Co., Inc.,* 127 N.J.Super. 394, 397, 317 A.2d 523 (Law Div.1974).

A.2d 91. Similarly, in *Fidelity & Deposit Co. of Md. v. Abagnale, supra,* 97 N.J.Super. at 144, 234 A.2d 511 the state court held that *Lemke v. Bailey* governed the situation where a resident who became absent from the state after the accrual of the cause of action was subject to extraterritorial service by mail.

We decline to depart from this line of authority; thus, we refuse to interpret the New Jersey tolling provision to allow this defendant to invoke the statute of limitations defense simply because it is amenable to long-arm service. Our examination of the New Jersey state court authority convinces us that this is the interpretation they would render.

The language of the tolling statute unequivocally requires a representative within the state for service of process, and does not require that a plaintiff resort to service beyond the borders of New Jersey to receive the benefits of the tolling provisions. Furthermore, the tolling statute has been on the law books since 1820, with the amendment relative to corporations enacted in 1949. The long-arm rules applicable to corporations have been in effect since 1958. Surely the New Jersey legislature is aware of the argument advanced by defendants, and it is incumbent upon it to make any change it deems appropriate. *See Lemke v. Bailey, supra,* 41 N.J. at 302, 196 A.2d 523. Finally, we note that were we to agree with defendant, the tolling provision would be meaningless with respect to non-resident corporations, since the vast majority who commit torts within the state would be amenable to long-arm service. Without more authority, we cannot construe a state statute in a manner rendering it ineffective.

■ Defendant also argues that this construction of the tolling statute creates an arbitrary and discriminatory classification, in violation of the New Jersey and federal constitutional equal protection guarantees. We reject the argument. In doing so, we note that in the recent case of *Cohn v. G. D. Searle & Co., supra,* decided in this district, the court reached an opposite conclusion.

We respectfully disagree with the holding of *Cohn.* Although Judge Meanor stated that his analysis was grounded in the equal protection clause and not the due process clause, we perceive his discussion to state a substantive due process holding. The *Cohn* court concluded that in light of amenability to service through the long-arm rules, the distinction between domestic and foreign corporations embodied in the tolling statute "bears no rational relationship to the object of the tolling statute." *Id.* at 912. We view this as a substitution of the court's judgment on the policies behind the tolling statute for that of the legislature. Indeed, in *Fidelity & Deposit Co. of Md. v. Abagnale, supra,* 97 N.J.Super. at 144, 234 A.2d at 518, the New Jersey court saw a reasonable basis for distinguishing between defendants servable in New Jersey and those servable only outside New Jersey:

" . . . the view might have prevailed that the facility of extra-territorial service did not meet the hardship of locating a departed resident in the sprawling country beyond New Jersey's borders."

In addition, the New Jersey Supreme Court has held that there is no constitutional infirmity under either the state or the federal constitution, in a case where the defendant non-resident motorist was amenable to substituted service within New Jersey. *Lemke v. Bailey, supra,* 41 N.J. at 303, 196 A.2d 523. In our case where there are greater hardships associated with service outside the state under a long-arm rule, *a fortiori,* the distinction drawn by the tolling statute is rational and passes constitutional muster.

Having denied the motion based on N.J. S.A. 2A:14–22, there is no need to reach the "discovery rule" issue. The motion for summary judgment is hereby denied.