Susan **HETRICK**, Plaintiff,

v.

**AMERICAN HONDA MOTOR CO., INC.,** a corporation, et al., Defendants.

**Civ. No. 75–0–222.**

United States District Court, D. Nebraska.

Oct. 21, 1976.

Richard J. Dinsmore, Omaha, Neb., for plaintiff.

Wayne J. Mark, Omaha, Neb., for defendants American Honda and Honda Motor.

Keith Howard, Omaha, Neb., for defendant Ramer Motors.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the motion of defendant, Honda Motor Company, to dismiss for lack of personal jurisdiction [Filing # 33].

The pleadings reveal the following allegations. On July 11, 1971, plaintiff was a passenger on a 1971 Honda motorcycle operated by Richard Lee Emry. The motorcycle was sold to Emry by Ramer Motors on July 10, 1971, and was manufactured by Honda Motor Company and distributed by American Honda Motor Company. Plaintiff instituted this action on June 12, 1975, alleging breach of warranty, negligence and strict liability.

The affidavit submitted by defendant discloses that Honda Motor Company, Ltd. is a corporation organized and existing under the laws of Japan, engaged in the manufacture of motorcycles and other vehicles and parts and accessories therefor. Title to the motorcycles and other vehicles, parts and accessories, which are to be sold in the United States, passes in Japan. Defendant, American Honda Motor Company, Inc., is the exclusive distributor of products manufactured by Honda Motor Company Ltd. within the United States. Defendant therefore contends that its minimum contacts are insufficient to satisfy due process and the Court therefore lacks personal jurisdiction.

Plaintiff attempts to invoke personal jurisdiction over each defendant pursuant to Neb.Rev.Stat. § 25–536(1)(a)(b) and (d) (Cum.Supp.1974):

> *Jurisdiction over a person.* (1) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (a) Transacting any business in this state;
>
> (b) Contracting to supply services or things in this state;

(c) Causing tortious injury by an act or omission in this state;

(d) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(e) Having an interest in, using, or possessing real property in this state;

. . . .

When a plaintiff seeks to bring a defendant into court under a long-arm statute, he must state sufficient facts in the complaint to invoke jurisdiction. Once jurisdiction has been denied, plaintiff has the burden of proving such facts. *Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256 (8th Cir. 1974); *Jetco Electronic Industries, Inc. v. Gardiner*, 473 F.2d 1228 (5th Cir. 1973).

Amenability to extra-territorial personal jurisdiction is a question of due process. A defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). This Court has previously held that Nebraska's Long Arm Statute is as broad as the constitutional standard of due process. *Vergara v. Aeroflot "Soviet Airlines,"* 390 F.Supp. 1266 (D.Neb.1975). *See also Morton Buildings of Neb., Inc. v. Morton Buildings, Inc.,* 333 F.Supp. 187 (D.Neb.1971); *Von Seggern v. Saikin,* 187 Neb. 315, 189 N.W.2d 512 (1971).

In the Eighth Circuit, personal jurisdiction under long-arm statutes must meet due process requirements governed by the following guidelines: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to the forum state; (4) the interest of the forum state in providing a forum for its residents; (5) the convenience of the parties. *Electro-Craft Corp. v. Maxwell Electronics Corp.,* 417 F.2d 365, 368 (8th Cir. 1969).

In a case similar to the case at bar, Judge Robinson had little difficulty in finding that due process requirements of the long-arm statute were satisfied:

[T]he Court concludes that service of process is authorized either by section (a) 'transacting any business in this state,' or section (b) 'contracting to supply services or things in this state.' It is true that all contacts and relations with Nebraska appear to be indirect in that the sale was made through intermediate entities, that defendant Kawaguchi, Ltd. is not alleged to have an agent within Nebraska, nor to be licensed to do business in Nebraska. The only direct connection thus far apparently is found in defendant Kawaguchi's answer to interrogatories wherein it answered that one of its employees was concerned with the installation of the particular piece of machinery involved in this litigation. But the statute in question does not require that contacts be direct. It is a fair statement that a sale of machinery would be classified a transaction of business in Nebraska and it does not follow that an indirect sale would necessarily alter the nature of the transaction. It might be a different situation had the defendant made a sale elsewhere with the expectation that it was to be a final sale (that is, not for resale). Such is not the case here.

It also follows that there was a contract to provide things in Nebraska in the indirect sense.

*Blum v. Kawaguchi, Ltd.,* 331 F.Supp. 216, 220 (D.Neb.1971).

When a foreign defendant has reason to know that its products, traveling through interstate commerce, will reach an ultimate consumer in any state of the United States, due process is satisfied. Defendant may not have physically entered the State of Nebraska but it knowingly placed its products in the stream of commerce. The Court must look to the economic and commercial realities of this case and it would be funda-

mentally unfair to allow a foreign manufacturer to insulate himself from the jurisdiction of the courts by use of an exclusive distributor. Any inconvenience to defendant in defending this lawsuit is outweighed by other considerations.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or in lieu thereof to quash the return of service is denied.