159 N.J. Super. 497 (1978)
388 A.2d 642
WILLIAM E. PFEFFER, PLAINTIFF,
v.
TOWNSHIP OF DELRAN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 24, 1978.
*500 Mr. Henry J. Wilewski for plaintiff (Messrs. Vitale & Wilewski, attorneys).
Mr. Frederick W. Hardt for defendant (Messrs. Sever, Hardt. & Main, attorneys).
HAINES, J.S.C.
The facts in this matter were stipulated.
Plaintiff William E. Pfeffer began working as a patrolman for the Township of Riverside, Burlington County, New Jersey, on April 1, 1968. On February 15, 1971, preferring to work in the community where he resided, plaintiff obtained new permanent employment as a patrolman with the Township of Delran in the same county. Some consideration was given to his prior service in Riverside: he received a $500 increment and was allowed to carry forward accumulated vacation and sick days. Delran did not require him to serve a probationary period and could not thereafter terminate his employment without cause. The remaining terms of the employment remained negotiable, within reason.
During the years 1971 through 1973, inclusive, police salaries and fringe benefits were established by ordinance and not by contract. Thereafter, these terms of employment were arrived at through collective bargaining between the township and the Delran Patrolman's Association. Beginning in 1974 the employment contracts were for terms of two years.
*501 On July 1, 1971 the Legislature adopted N.J.S.A. 40A:9-5, which provides for "tacking" periods of municipal employment. Neither party was aware of the statute or of any decision construing it until about February 28, 1977. On that date plaintiff's counsel wrote to the mayor and chief of police of Delran, referring to the statute and requesting additional benefits to which he would be entitled by reason of his service in Riverside. That demand was refused by letter of April 20, 1977. If plaintiff had been permitted to add his Riverside service to his Delran contract, he would have been entitled to additional payments of salary and to other fringe benefits, including improved seniority.
Plaintiff filed his complaint on June 3, 1977. Initially, defendant argues that the suit is barred under R. 4:69-6(a) which provides: "No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to review, hearing or relief claimed * * *." The question is whether the "right to review, hearing or relief" accrued at the time the statute was adopted, or at some later date prior to April 18, 1977, or on April 20, 1977 when Delran refused the plaintiff's demand for his statutory rights.
The complaint in this action could not be sustained until after a demand by plaintiff and a refusal by the defendant, since no breach of defendant's obligation to plaintiff would have occurred until then. Consequently, I find that plaintiff's right to relief from this court did not accrue until April 20, 1977. See Taureck v. Jersey City, 149 N.J. Super. 503, 507-508 (Law Div. 1977). The complaint was filed 44 days after that date  within the time required by the Rule. Even if this were not so, I would enlarge the time restrictions in the interest of justice, as permitted by R. 4:69-6(c); we are dealing with two parties innocent of any knowledge concerning the statute until the time of plaintiff's demand; neither should be barred by technical time requirements. It may be noted that most, if not all, of the cases dealing with this statute did not enforce the 45-day condition.
*502 The first case to construe the statute, Libby v. Union Cty., 125 N.J. Super. 471 (App. Div. 1973), held that a municipal employee, voluntarily obtaining employment in county government, was entitled to the tacking benefits provided by the statute. The court approved the judgment of the trial court awarding longevity pay for the years following the date the complaint was filed, reversing and remanding, however, for a plenary hearing on the question of whether the doctrine of waiver or laches should have barred benefits for the time prior to the commencement of the suit. These years reflected a time period before the statute in question was adopted.
In Caldwell v. Rochelle Park, 135 N.J. Super. 66 (Law Div. 1975), the court considered the rights of a patrolman, employed by one municipality for about three years, who thereafter voluntarily transferred to another on April 30, 1967. The appointing resolution adopted by the second township established a salary commensurate with that of a patrolman with two years' prior experience. The patrolman filed his complaint in February, 1975, seeking additional longevity and other benefits under the statute. The court, refusing to apply either doctrine of waiver or estoppel, found the patrolman entitled to the benefit of the statute after its effective date. It refused to provide any monetary award which would have reflected "tacking" for years of service prior to the date the statute was adopted, in the absence of a "clear expression of legislative intent." The court said:
* * * a reasonable application of the statute here would appear to make retroactivity to the effective date somewhat discretionary, depending on the facts and circumstances, taking into account any factual defenses that may exist, such as waiver and laches.
Taureck v. Jersey City, 149 N.J. Super. 503 (Law Div. 1977), involved firemen who transferred from one municipal fire department to another. All transfers occurred from 16 to 55 months after the adoption of N.J.S.A. 40A:9-5. Suit against Jersey City was commenced on November 15, 1976. Defendant contended that tacking rights were barred *503 by the collective bargaining agreement in force between the city and the Firefighters Association.
The court found that the statutory benefits were mandatory, vested and nonnegotiable rights (but see Widmer, infra, as to the nonnegotiable aspect of these matters) which could not be lost by the failure of the employees' representative to bargain concerning them. The defense of waiver was denied because the recent "nebulous state of the law" precluded the "intentional relinquishment of a known right." The doctrine of laches ("delay for a length of time which, unexplained and unexcused, was unreasonable under the circumstances and has been prejudicial to the other party") was not applied because the statute had been so recently interpreted, apparently in Libby. Plaintiff firemen were awarded salary, vacation and longevity pay based on their prior employment with other municipalities and counties.
In Widmer v. Mahwah, 151 N.J. Super. 79 (App. Div. 1977), a patrolman had transferred to one municipal police department from another on June 1, 1974. He understood that he "would start fresh, right at the bottom," and was told that he was not being hired as a "lateral transfer," i.e., that his previous service to the first municipality would not be credited to him. In the summer of 1975 he learned of the Caldwell decision and brought suit for increased benefits due him because of the statute. The court held that he was conclusively presumed to know the law, including N.J.S.A. 40A:9-5, and had waived his rights:
To say that the clear language used here by which the plaintiff accepted this employment does not suffice as a waiver would require that plaintiff be shown to have had actual knowledge of the specific statute. As a precedent, this would place an intolerable burden on every contracting party to be sure that the other party is fully informed of all enactments which may create rights impliedly excluded by the contractual terms which they agree upon.
The court also applied the doctrine of estoppel, defining that defense as one "grounded in equity and justice, that one shall *504 not be permitted to repudiate an act done or position assumed where that course would work injustice to another who, having the right to do so, has relied thereon."
It is clear from these cases that N.J.S.A. 40A:9-5 allows plaintiff to tack his prior service with the Township of Riverside to his service with the Township of Delran in computing salary and other benefits. The legal right created by the statute, however, is not absolute. In the interest of equity, the doctrines of waiver, estoppel and laches may abrogate the relief to which plaintiff would otherwise be entitled, and must be considered here.
In the instant case plaintiff transferred from one municipality to another on February 15, 1971, 4 1/2 months before the effective date of the statute. Thus, at the time plaintiff negotiated his initial permanent contract of employment with Delran, he had no statutory right to waive. Subsequent to the enactment of the statute it must be presumed, in accordance with Widmer, that plaintiff had knowledge of his rights under the statute, notwithstanding his actual ignorance. However, unlike Widmer, no events occurred after the adoption of the statute that could be construed as evidencing an intent on plaintiff's part to relinquish his newly created rights. The only terms of his employment that were subject to negotiation after the effective date of the statute were salaries and fringe benefits. Consequently, negotiable aspects of employment to which defenses might apply were narrow. The collective bargaining agreements, to which plaintiff was a party, have not affected his rights. Taureck, supra.
The doctrine of estoppel, as defined in Widmer, should not be applied here. Plaintiff's initial employment commenced before the statute became effective. The actual ignorance of the parties and the knowledge attributed to them by Widmer places them in a position which makes it impossible for either to have suffered detriment from a rightful reliance on the conduct of the other. It cannot be claimed *505 that plaintiff is attempting to repudiate an act done or position assumed before or after the effective date of the statute, that would cause injustice to the township.
Laches has been defined as "an equitable doctrine to the effect that unreasonable delay will bar a claim if the delay is a prejudice to the defendant." Dobbs, Remedies, § 2.3 at 43 (1973). Both Caldwell and Taureck found that plaintiffs there had not unreasonably delayed their actions. The suit in Caldwell was started 3 years and 8 months after the effective date of the statute; in Taureck 5 years, 4 1/2 months after that date, and in the present case, 5 years and 11 months thereafter. It may be that an absolute bar to a suit such as this must be raised after a certain period of time has passed. The time involved here, however, in the light of other cases, is not sufficient to invite that bar.
Caldwell suggests that the court exercise some discretion in determining the extent of any retroactivity included in an award to plaintiff under the statute, taking into consideration "any factual defenses that may exist, such as waiver and laches." This suggestion is appealing for it permits the court to balance the equities of the particular case. Plaintiff, if this complaint is dismissed, will lose forever the rights given him by the statute. On the other hand, defendant municipality has suffered some prejudice as a result of plaintiff's delay in pressing his claim. Although the court understands from counsel that the actual dollar amount involved is not large, the municipality may not have granted the same raises and benefits to plaintiff and other policemen since 1970 had it known of the additional monies it would have been obliged to expend on behalf of plaintiff. Further, the municipality should not be obliged to contend with unexpected claims by municipal employees entitled to statutory benefits over years without number. Plaintiff should not lose his future benefits and defendant should not be unduly burdened with past benefits. It is *506 equitable, therefore, that plaintiff receive his statutory benefits from the date of the filing of his complaint and not before.
It was understood at oral argument that counsel would have no difficulty in calculating plaintiff's benefits and they are ordered to do so. Judgment is to be entered without costs.