KONSTANTINOS VELMOHOS, ALSO KNOWN AS VELMOHOS KONSTANTINOS, PLAINTIFF-RESPONDENT, v. MAREN ENGINEERING CORPORATION, AN ILLINOIS CORPORATION, AND AIR CONVEYING, INC., AN ILLINOIS CORPORATION, DEFENDANTS-APPELLANTS, AND NADUSTCO, INC., A LOUISIANA CORPORATION, DEFENDANT.

Argued March 17, 1980—Decided June 18, 1980.

*William K. Lewis* argued the cause for appellant Maren Engineering Corporation (*Shanley & Fisher,* attorneys; *William K. Lewis* and *Molly B. Cannon,* on the briefs).

*Joseph DiRienzo* argued the cause for appellant Air Conveying, Inc.

*Barry A. Weisberg* argued the cause for respondent (*Edward J. Dolan,* attorney).

The opinion of the Court was delivered by

PASHMAN, J.

This case raises the question whether the tolling provision of New Jersey's statutes of limitations, *N.J.S.A.* 2A:14–22, is unconstitutional as applied to foreign corporations that are not represented within the State but are amenable to long-arm service. Invalidation of the statute would render defendant corporations immune from suit in this State, since without the benefit of the tolling statute, the relevant limitations period has expired. We find the statute constitutional and accordingly uphold plaintiff's action as timely.

I

The facts are essentially undisputed. On June 4, 1976, plaintiff filed a complaint in the Superior Court, Law Division, seeking damages for personal injuries sustained by him on August 3, 1973,[1] as a result of an allegedly defective shredder-baler machine manufactured by Maren Engineering Corporation (Maren), an Illinois corporation.[2] The complaint was later amended to include claims against Air Conveying Corporation (Air Conveying), the designer of the machine, also an Illinois corporation.[3]

---

[1] Plaintiff's foot was caught in a conveyor which then drew his entire body into a machine. The accident occurred in the course of plaintiff's employment by Container Corporation of America in New Brunswick, New Jersey. Plaintiff successfully pursued a Worker's Compensation claim against his employer. He was found to have a 5% total permanent neurological disability and a 28⅓% total permanent orthopedic disability.

[2] The complaint also named as a defendant George Swan, individually and trading as Swan Engineering Company, a New Jersey entity. By stipulation the complaint was dismissed as to Swan with prejudice on February 3, 1977.

[3] The amended complaint also added claims against Nadustco, Inc., a Delaware corporation with its principal office in New Orleans, Louisiana. How-

Both Maren and Air Conveying raised as a defense plaintiff's failure to file suit within the applicable two-year limitations period for personal injury actions. *N.J.S.A.* 2A:14–2. Plaintiff asserted that because neither defendant maintained registered offices or agents for service of process in New Jersey, *N.J.S.A.* 2A:14–22 tolled the statute of limitations and plaintiff's claim was timely.

On motions for summary judgment defendants claimed that New Jersey's tolling statute employed an unconstitutional classification in distinguishing between foreign corporations represented in New Jersey and foreign corporations which were unrepresented but amenable to long-arm service. In support of this contention, they cited *Cohn v. G. D. Searle & Co.*, 447 *F.Supp.* 903 (D.N.J.1978). In that case the federal district court found that the differing treatment lacked any rational basis. It therefore held New Jersey's tolling statute unconstitutional as applied to unrepresented foreign corporate defendants amenable to long-arm service.

The trial court adopted the reasoning of the *Cohn* decision. After requiring the defendants to demonstrate their amenability to long-arm service during the period in question,[4] the court granted their motions for dismissal. Plaintiff appealed to the Appellate Division.

Finding no basis for distinguishing the decision in *Lemke v. Bailey*, 41 *N.J.* 295 (1963), the Appellate Division considered itself bound by this Court's views on the tolling statute and held

---

ever, Nadustco maintained an agent for service of process in New Jersey and was therefore not subject to the tolling statute. It sought dismissal from the action on the ground that the statute of limitations barred suit. Plaintiff did not oppose the motion, and the trial judge granted Nadustco summary judgment on August 22, 1977.

[4]To that end, Maren had submitted an affidavit of its president outlining the corporation's business in New Jersey between 1969 and 1975. Similarly, Air Conveying presented an affidavit of its president listing sales negotiated and completed in New Jersey between 1969 and 1978. In view of our disposition of this matter, we need not review the trial court's determination of this preliminary issue.

*N.J.S.A.* 2A:14–22 constitutional, reversing the trial court. 168 *N.J.Super.* 520 (App.Div.1979). The court also observed that it was "not satisfied as to the correctness of the conclusion reached in *Cohn*" and noted that a later decision by a federal district court, *Hopkins v. Kelsey-Hayes, Inc.,* 463 *F.Supp.* 539 (D.N.J. 1978),[5] had reached the opposite conclusion on the same issue and had held the statute constitutional. 168 *N.J.Super.* at 526.

Defendants filed notices of appeal as of right;[6] Maren also petitioned this Court for certification, which was granted and merged with the appeals. 82 *N.J.* 288 (1980). We now affirm.

II

The effect of *N.J.S.A.* 2A:14–22 on corporate defendants was left unresolved by the Court in *Lemke v. Bailey, supra.* It has been the subject of lower court decisions with conflicting results. Compare *Cohn v. G. D. Searle & Co., supra,* with *Hopkins v. Kelsey-Hayes, Inc., supra; Whalen v. Young,* 28 *N.J.Super.* 543 (Law Div.1953), rev'd on other grounds, 15 *N.J.* 321 (1954) (tolling provision applicable to unrepresented corporate defendant in motor vehicle cases despite availability of substituted service under *N.J.S.A.* 39:7–2), with *Ferraro v. Ferro Trucking Co., Inc.,* 72 *N.J.Super.* 519 (Law Div.1962) (same circumstances—tolling provision inapplicable). A resolution of this conflict first requires analysis of the statute's application to unrepresented foreign corporations that are amenable to long-arm service of process. Finding the provision applicable, we next consider the constitutionality of the statute as applied.

A

The New Jersey tolling statute, *N.J.S.A.* 2A:14–22, provides:

---

[5]*Cohn* was decided on March 22, 1978. The trial court's orders dismissing plaintiff's complaint against Maren and Air Conveying were entered on June 20 and July 25, 1978, respectively. The *Hopkins* case was decided on December 18, 1978.

[6]Motions for leave to appeal were also filed but were dismissed since the appealed judgment was final.

> If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, *or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which* such person or surety is not residing within this state or *such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the section.* The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation. [Emphasis supplied]

It is undisputed that neither Maren nor Air Conveying maintained an agent for service of process in New Jersey. A literal reading of the tolling statute's terms would unavoidably lead to the conclusion that the statutory period of limitations never commenced to run on plaintiff's claims. Defendants contend, however, that in light of the expansion of long-arm jurisdiction by state courts over non-residents, we should construe the statute to provide that the period of limitations is tolled only when a foreign corporation cannot be served anywhere with process from a New Jersey court.

According to defendants the purpose of *N.J.S.A.* 2A:14–22 is to protect plaintiffs who might otherwise be barred from bringing their actions when certain classes of defendants are involved—essentially defendants who are not subject to the jurisdiction of New Jersey courts. They point to the amendment of the statute in 1949, *L.* 1949, *c.* 125, which excluded represented foreign corporations from its tolling effect. This amendment was enacted shortly after a statutory revision that provided acquisition of personal jurisdiction over foreign corporations by personal service within the State on an "officer, director, trustee or a managing or general agent of the corporation * * *." *L.* 1948, *c.* 356. Defendants contend that the legislative intent of the two provisions was to compel plaintiffs to institute their actions within the relevant limitations period provided they

could obtain jurisdiction over and serve process on defendants. Since under present-day law defendants were amenable to "long-arm" service of process notwithstanding the absence of a representative in New Jersey, see *R.* 4:4–4(c)(1), defendants claim they are exempt from the tolling provision.

■ Under the defendants' approach the statutory phrase in *N.J.S.A.* 2A:14–22—"not represented in this state by any person or officer upon whom summons or other original process may be served"—would be interpreted as though it simply said, "not amenable to service." Thus, a standard involving representation would be transformed into one involving amenability to service. Because neither legislative history nor subsequent developments support this result, we reject defendants' argument and conclude that unrepresented, foreign corporations subject to long-arm service are not exempt from *N.J.S.A.* 2A:14–22.

Claims similar to defendants' were raised and rejected in *Lemke v. Bailey, supra.* In that case plaintiffs brought suit against nonresidents for damages alleged to have resulted from an automobile accident in New Jersey. 41 *N.J.* at 297. Defendants argued that since they were amenable to service at all times following the accident by service on the New Jersey Director of Motor Vehicles, the tolling statute did not apply to them. The Court held that such amenability to service did not affect the statute's provision for tolling during nonresidence. *Id.* at 303.

While accepting *Lemke* as correctly decided, defendants here argue that the Appellate Division erred in finding *Lemke* controlling on the separate statutory issue now before us. They correctly note that the *Lemke* Court expressly declined to pass on the effect of the tolling provision on corporate defendants. See *id.* at 301. *Lemke* was concerned only with the effect of *N.J.S.A.* 39:7–2 on the tolling statute's coverage of individual defendants who were absent from the State. That provision made nonresident motorists amenable to substituted service upon New Jersey's Director of Motor Vehicles. Defendants further emphasize that the legislative history of *N.J.S.A.* 2A:14–

22 more directly supported the conclusion that the tolling provision remained applicable despite the availability of substituted service. The Legislature had considered and passed but later recalled a proposed amendment to the statute exempting nonresident motorists subject to substituted service. The Court in *Lemke* held that legislative inaction in the face of judicial constructions confirmed that *N.J.S.A.* 39:7–2 did not affect the scope of the tolling provision in *N.J.S.A.* 2A:14–22. See 41 *N.J.* at 301.

Defendants contend that none of these factors supports an extension of the rationale in *Lemke*. Noting the absence of any legislative activity concerning the tolling statute's application to corporations, defendants contend that the presence of contradictory judicial determinations involving foreign corporate defendants, see *supra* at 286 renders legislative silence ambiguous.

Despite these asserted bases for distinction, we find the approach taken in *Lemke* applies with equal force to the effects of long-arm jurisdiction on the scope of *N.J.S.A.* 2A:14–22. As noted by the Court in *Lemke*, the origins of *N.J.S.A.* 2A:14–22 are traceable to 1820. See 41 *N.J.* at 298. In its original version New Jersey's tolling provision made no specific reference to corporations. See Pennington, *Laws of New Jersey*, 1703–1820 at 670 (1821). The statute remained essentially unchanged until 1949, at which time it provided:

> If any person against whom there is or may be a cause of action specified in sections 2:24–1, 2:24–2, 2:24–3, 2:24–5, 2:24–6, 2:24–16 or 2:24–17 of this title is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, the time or times during which such person is not residing within this state shall not be computed as a part of the periods of time within which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, exclusive of such time or times of nonresidence. [*R.S.* 2:24–7]

In 1949 the tolling statute was amended and for the first time dealt specifically with the corporate defendant. The amendment exempted from the statute domestic corporations and those foreign corporations maintaining representatives in New Jersey. It thereby extended the benefits of the State's statutes

of limitations to those classes of defendants. As amended in 1949, the statute provided as follows:

> If any person against whom there is or may be a cause of action specified in sections 2:24–1, 2:24–2, 2:24–3, 2:24–5, 2:24–6, 2:24–16 or 2:24–17 of this Title is not a resident of this State when such cause of action accrues, or removes from this State after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation not organized under the laws of this State, against whom there is or may be such a cause of action, is not represented in this State by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person is not residing within this State or such corporation is not so represented within this State shall not be computed as part of the periods of time within which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, exclusive of such time or times of nonresidence or nonrepresentation. [*L.* 1949, *c. 125*]

The statement accompanying the bill read as follows:

> Foreign corporations licensed to do business in New Jersey are now deprived by judicial construction of the benefit of the statute of limitations. The purpose of this bill is to correct that situation. New York State found it necessary to make a similar change in its law in view of recent court decisions. [*Statement Accompanying Assembly No. 467* (1949)] [7]

As noted above, defendants argue that the intent of the 1949 amendment was to exempt from the tolling provisions corporate defendants amenable to service of process. The fact that the words employed by the Legislature do not mirror this intention is not considered conclusive by defendants. They assert that the present reach of a State court's jurisdictional powers could not have been anticipated when the amendment was drafted. As evidence of this, they note that New Jersey's rule for long-arm

---

[7] At the time of this amendment, New York's tolling statute was Section 19 of the Civil Practice Act, which had been amended in 1943 to include an exception from the tolling statute for individuals or corporations with a designated agent for service of process within New York and for foreign corporations with "one or more officers or other persons in the state on whom a summons for such corporation may be served." 1943 *N.Y. Laws, ch.* 263. The current version of New York's tolling statute, *N.Y.Civ.Prac. Law and Rules* § 207, specifically provides that it does not apply "while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state." 1962 *N.Y. Laws, ch.* 308, *N.Y.Civ.Prac. Law and Rules* § 207(3) (McKinney 1972).

service was not passed until 1958, *R.R.* 4:4–4(d) (effective September 3, 1958) (presently *R.* 4:4–4(c)(1)), and that it was not until 1971 that this Court recognized that the long-arm rule allows out-of-state service to the "uttermost limits permitted by the United States Constitution," *Avdel Corp. v. Mecure*, 58 *N.J.* 264, 268 (1971).

Defendants' position is unconvincing. It would require us to incorporate into the tolling statute changes in another area of the law which were made after its passage. While courts of other states have construed tolling statutes to be inapplicable to foreign corporations subject to long-arm service, the statutes involved were phrased in terms of "absence" from the state—general language which more readily lends itself to flexible interpretation.[8] See, *e. g., Dedmon v. Falls Products, Inc.*, 299 *F.*2d 173 (5th Cir. 1962) (Alabama law); *Partis v. Miller Equipment Co.*, 324 *F.Supp.* 898 (N.D.Ohio 1970), aff'd, 439 *F.*2d 262 (6th Cir. 1971); *Phillips v. Anchor Hocking Glass Corp.*, 100 *Ariz.* 251, 413 *P.*2d 732 (Sup.Ct.1966); *Lipe v. Javelin Tire Co., Inc.*, 96 *Idaho* 723, 536 *P.*2d 291 (Sup.Ct.1975).[9] The New Jersey statute, however, is very narrowly drawn. It speaks not of presence or absence but of *representation* within the State. Such language must be interpreted from the intent of the Legislature in light of circumstances at the time of enactment. 2A Sutherland, *Statutory Construction* § 49.02 (4th ed. 1973); see *Fidelity & Deposit Co. of Maryland v. Abagnale*, 97 *N.J.Super.* 132, 143–144 (Law Div.1967). As defendants themselves recognize, the cir-

---

[8]For this reason, my Brother Sullivan's observation that our holding "places this Court with a minority of jurisdictions," *post* at 298, is misleading. Our result today differs from those of other courts because of a difference in statutory language, not a defect in reasoning. Without describing and comparing the various tolling statutes that have been interpreted, any reference to "majority" and "minority" rules is meaningless.

[9]In some cases state legislative action has made clear that tolling shall not occur when a defendant is amenable to service outside the state. See, *e. g., Ill.Rev.Stat. ch.* 83 § 19 (Smith-Hurd 1979); *N.Y.Civ.Prac. Law and Rules* § 207 (McKinney 1972).

cumstances prevailing at the time of the 1949 amendment did not include long-arm service on foreign corporations. We cannot accept the invitation to adopt this later development as the premise for ignoring clear and unambiguous statutory language.

Defendant Air Conveying argues in the alternative that New Jersey's long-arm rule created a new class of corporate defendants not covered by *N.J.S.A.* 2A:14–22. There is no merit to this contention. The tolling statute originally applied to all foreign corporations. See *Cramer v. Borden's Farm Products Co., Inc.,* 58 *F.2d* 1028 (S.D.N.Y.1932) (under New Jersey law New York corporation licensed to do business in New Jersey not resident of New Jersey and therefore is within scope of tolling statute). It was not until 1949 that any foreign corporations became exempt from its effects. See *Statement Accompanying Assembly No. 52* (1948). By design, therefore, the statute includes all corporations not specifically exempted by amendment. In effect, Air Conveying argues that a Rule of Court can act as an implied, partial repeal of a legislative enactment. This is beyond the power of the Judiciary. See *New Jersey Chamber of Commerce v. New Jersey Election Law Enforcement Commission,* 82 *N.J.* 57, 82 (1980).

It is significant to note that the 1949 amendment was enacted four years after the landmark case of *International Shoe Co. v. Washington,* 326 *U.S.* 310, 66 *S.Ct.* 154, 90 *L.Ed.* 95 (1945). There the United States Supreme Court held that a state's jurisdictional powers extended beyond its borders to reach parties who have had "certain minimum contacts" with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 *S.Ct.* at 158 (quoting *Milliken v. Meyer,* 311 *U.S.* 457, 463, 61 *S.Ct.* 339, 342, 85 *L.Ed.* 278 (1940)). The Legislature must be presumed to have been aware of this development when it acted to remove only represented corporations from the tolling provisions of *N.J.S.A.* 2A:14–22. In the absence of legislative action expressly incorporating amenability to long-arm service as an

exemption from the tolling statute, that class of foreign corporations remains subject to its effect.[10]

This conclusion is in accord with the results we have reached in developing a "common law of limitations." *Galligan v. Westfield Centre Service, Inc.*, 82 *N.J.* 188, 191 (1980). We have consistently endeavored, where in keeping with the underlying purposes of statutes of limitations, to preserve a plaintiff's opportunity to have his claim adjudicated on the merits. See, *e. g., Galligan*, 82 *N.J.* at 193; *Kaczmarek v. New Jersey Turnpike Auth.*, 77 *N.J.* 329, 338 (1978); *White v. Violent Crimes Compensation Board*, 76 *N.J.* 368, 379 (1978). In this case defendants argue that denying plaintiff such an opportunity is consonant with the underlying purposes of the tolling statute. Not only do defendants' misconstrue those purposes, but the approach they advocate is contrary to the " 'just accommodation' of individual justice and public policy," *Galligan*, 82 *N.J.* at 192–193 (1973)), which seeks to avoid "obvious and unnecessary harm [to] individual plaintiffs." *Id.* at 192, 412 *A.2d* at 124; see, *e. g., Fox v. Passaic General Hosp.*, 71 *N.J.* 122, 125–126 (1976); *Kyle v. Green Acres at Verona, Inc.*, 44 *N.J.* 100, 109 (1965).[11]

---

[10]We note that whatever hardship on foreign corporations might be caused by continued exposure to suit can be easily eliminated by the designation of an agent for service of process within the State. Contrary to defendants' and our Brother Sullivan's contentions, see *post* at 297–298, the length of a defendant's exposure to suit without such an agent will not be determined solely by a plaintiff's convenience. If a plaintiff's delay is inexcusable and has resulted in prejudice to the defendant, the latter may raise the equitable defense of laches to bar the claim. See *West Jersey Title & Guaranty Co. v. Industrial Trust Co.*, 27 *N.J.* 144 (1958); *Pavlicka v. Pavlicka*, 84 *N.J.Super.* 357 (App.Div.1964); *Pfeffer v. Delran Tp.*, 159 *N.J.Super.* 497, 388 *A.2d* 642 (Law Div.1978). Since this appeal comes to us after a grant of summary judgment, we have no opportunity to assess the merits of that defense here.

[11]Our Brother Sullivan's reliance on *Galligan* and *White* is therefore misplaced. Neither case dealt with the tolling provision at issue here. In rejecting the "harsh approach of literally applying the statute of limitations," *Galligan*, 82 *N.J.* at 192 (quoting *Kyle*, 44 *N.J.* at 109), the Court in those cases avoided the infliction of unnecessary harm on plaintiffs. See *Galligan*, 82 *N.J.* at 192–193; *White*, 76 *N.J.* at 379. We do the same here by refusing to deny plaintiffs the benefit of a *tolling* statute to which they are clearly entitled. Justice Sullivan's approach would have us avoid rigid language for the

## B

Turning to defendants' constitutional claims, we find them similarly unpersuasive.[12]

### Equal Protection

Defendants do not contend that the classification employed in *N.J.S.A.* 2A:14–22 implicates any fundamental interest or "suspect class." Rather they assert that a distinction between foreign corporations represented within the State and those unrepresented but amenable to long-arm service lacks any rational relation to the governmental objective sought to be advanced by the tolling statute. Their argument is that the continued expansion of extra-territorial jurisdiction has undermined the rationality of distinguishing between foreign corporations represented in New Jersey and unrepresented foreign corporations that are amenable to long-arm service outside the State. Defendants therefore challenge as irrational the tolling statute's application to the latter.

The Court in *Lemke* rejected a similar constitutional challenge to the statute's distinction between resident and non-resident motorists. See 41 *N.J.* at 302–303. Although the issue there decided is not identical to that now before us, the principles on which the Court relied continue to provide the proper framework for analysis.[13] They support a finding of constitutionality.

---

purpose of barring plaintiff's assertion of his claim—a result directly contrary to that reached in *Galligan* and *White*, which the dissent has cited for its support. *Post* at 298.

[12]Defendants base their claims of unconstitutionality on the Fourteenth Amendment to the Federal Constitution. We note, however, that our analysis would be identical if the challenges had been based on State constitutional grounds. See *Taxpayers Ass'n of Weymouth Tp. v. Weymouth Tp.*, 80 *N.J.* 6, 42–44 (1976), app. dism. and *cert. den. sub nom. Feldman v. Weymouth Tp.*, 430 *U.S.* 977, 97 *S.Ct.* 1672, 52 *L.Ed.*2d 373 (1977).

[13]Defendants again attempt to negate the precedential value of the *Lemke* case. They reiterate the distinctions discussed *supra* at.288–289, and rely heavily on the fact that defendants in *Lemke* conceded there was a rational basis for establishing resident and nonresident classes. See 41 *N.J.* at 302.

██ Legislative enactments are presumed to be valid and the burden on the proponent of invalidity is a heavy one. *E. g., Hutton Park Gardens v. West Orange Town Council*, 68 *N.J.* 543, 564–565 (1975). The challenger must demonstrate that the classification lacks a rational basis in relation to the object of the legislation. *E. g., Dome Realty, Inc. v. City of Paterson*, 83 *N.J.* 212, 243 (1980); *State v. CIB Int'l*, 83 *N.J.* 262, 274–275; *Salorio v. Glaser*, 82 *N.J.* 482, 516 (1980); *Taxpayers Ass'n of Weymouth Tp. v. Weymouth Tp.*, 80 *N.J.* 6, 40 (1976), app. dism. and *cert.* den. *sub nom. Feldman v. Weymouth Tp.*, 430 *U.S.* 977, 97 *S.Ct.* 1672, 52 *L.Ed.*2d 373 (1977). Even if the original, stated purpose of an enactment refers to conditions that no longer exist, a classification survives this minimal constitutional scrutiny as long as it possesses a conceivable rational basis in present-day circumstances. *McKenney v. Byrne*, 82 *N.J.* 304, 317–318 (1980).

██ The flaw in defendants' argument is that it recognizes as rational only a distinction based on the impossibility of obtaining jurisdiction over a foreign corporation. It refuses to acknowledge that among amenable foreign corporations there are degrees of difficulty in effecting service. A recognition of these degrees of difficulty supplies a present rational basis for distinguishing between represented corporations and those unrepresented but amenable to long-arm service.

The purpose of the statute is not confined to providing relief when service is impossible. Even where absent residents could be served outside the State, the statute still provides for tolling. See *Fidelity & Deposit Co. of Maryland v. Abagnale*, 97 *N.J. Super.* at 143–144. There is a conceivable rational basis to support tolling.

> [T]he view might have prevailed that the facility of extra-territorial service did not meet the hardship of locating a departed resident in the sprawling country beyond New Jersey's borders. [*Id.* at 144]

We agree with Appellate Division that such an admission is "hardly any basis for detracting from the court's decision that the application of the tolling statute was constitutional." 168 *N.J.Super.* at 526.

██

In the 1949 amendment, the Legislature re-expressed its purpose with regard to corporations. It withdrew some of the protection it had afforded plaintiffs suing foreign corporations. Corporations represented in New Jersey, like New Jersey residents present within the State, were made exempt from the statute's tolling effects. However, plaintiffs were still not required to search for defendants outside the jurisdiction and succeed within a definite period of time. Thus, the amendment struck a balance between protecting plaintiffs with claims against foreign corporate defendants and imposing excessive exposure to suit upon those defendants that were represented within the State. We agree with plaintiffs that the availability of long-arm service has not destroyed the rationality of the classification used in striking this balance.

As the Appellate Division correctly observed, the reasonable basis for the distinction "is demonstrated merely by a reading of our rules pertaining to service of process," 168 *N.J.Super.* at 527. *Rule* 4:4–4(c)(1) provides that service may be made

[u]pon a domestic or foreign corporation, by serving, * * * either an officer, director, trustee, or managing or general agent; or any person authorized by appointment or by law to receive service of process on behalf of the corporation; or the person at the registered office of the corporation in charge thereof. If service cannot be made upon any of the foregoing, then it may be made upon the person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then upon any servant of the corporation within this State acting in the discharge of his duties. *If it appears by affidavit of plaintiff's attorney or of any person having knowledge of the facts that after diligent inquiry and effort personal service cannot be made upon any of the foregoing* and if the corporation is a foreign corporation, then, consistent with due process of law, service may be made by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to a registered agent for service, or to its principal place of business, or to its registered office. [*R.* 4:4–4(c)(1) (emphasis added)]

Under our rules, extra-territorial service is not simply an alternative to service within the State. Plaintiffs may not resort to out-of-state service unless proper efforts to effect service in New Jersey have failed. The rule imposes a further burden on a plaintiff by requiring him to gather sufficient information to satisfy a court that service is "consistent with due process of law." Since long-arm service is more burdensome than service within the State, a rational distinction exists between corpora-

tions that are amenable to service within the State and those that are not. This distinction supports the tolling statute's application to corporations which cannot be served with process within New Jersey. Accordingly, the statute passes constitutional muster.

## Due Process

For the first time on appeal defendant Maren also claims that the statute violates the Federal Due Process Clause. The same obstacles which defendants failed to overcome in asserting their equal protection claim block their path here as well.

■ The constitutional guarantee of substantive due process requires only that the operation of a statute not be unreasonable, arbitrary or capricious, and that the means selected bear a rational relationship to a permissible legislative purpose. *Dome Realty, Inc. v. City of Paterson,* 83 *N.J.* at 235; *Orange Taxpayers Council, Inc. v. City of Orange,* 83 *N.J.* 246, 256 (1980); *Weymouth, supra,* 80 *N.J.* at 44.

■ In this case defendants' due process claim is "little more than a restatement of the contention that [the statute] contravene[s] principles of equal protection." *Weymouth, supra,* 80 *N.J.* at 45. In providing for tolling of the statute of limitations under certain circumstances—absence of a resident, nonresidence in the case of an individual and nonrepresentation in the case of a corporation—the statute is substantially tailored to protect a plaintiff's cause of action when service of process on a defendant is most likely to present difficulties.

## Conclusion

For the foregoing reasons the judgment of the Appellate Division is affirmed.

SULLIVAN, J., dissenting.

I would construe *N.J.S.A.* 2A:14–22 to toll the statute of limitations as to a foreign corporation against which there is a cause of action in this State only in a situation where such corporation is not amenable to personal jurisdiction.

Defendant corporations were subject to long-arm jurisdiction in this State at all relevant times as found by the trial court. See *R.* 4:4–4(c)(1). Indeed, service was made upon them pursuant to the rule. To hold that despite this, a plaintiff can sit back for any number of years and file suit at his pleasure against such foreign corporations, is to do violence to the concept of limitations of actions. The construction placed upon *N.J.S.A.* 2A:14–22 by the majority opinion, while following the literal language of the statute, frustrates the very purpose of the tolling provision and places this Court with a minority of jurisdictions. See Annotation, *"Tolling of statute of limitations during absence from state as affected by fact that party claiming benefit or limitations remained subject to service during absence of nonresidence,"* 55 *A.L.R.*3d 1158 (1974). As noted in the annotation, a majority of courts have refused to give application to tolling provisions when the party claiming the benefit of limitations has remained amenable to personal jurisdiction.

A recent comment in 10 *Seton Hall L.Rev.* 585 (1980) entitled "The Tolling Provision of the Statute of Limitations—a Haven for the Dilatory Plaintiff," makes a critical analysis of *N.J.S.A.* 2A:14–22 and the position now taken in the majority opinion and rejects it on constructional as well as constitutional grounds. The comment concludes by stating that "[a] statute that serves to placate the dilatory plaintiff while denying an important right to a nonresident defendant is an anomaly in a jurisdiction noted for progressive developments in the law corresponding to the changes in the circumstances to which the law applies." *Id.* at 613. Despite the rigidity of some tolling and limitations statutory provisions, this Court has always construed them to effectuate the true statutory purpose. See, *e. g., Galligan v. Westfield Centre Service, Inc.,* 82 *N.J.* 188 (1980); *White v. Violent Crimes Compensation Board,* 76 *N.J.* 368 (1978). It has not done so today.

Although I find it unnecessary to reach the issue, the statutory construction of *N.J.S.A.* 2A:14–22 adopted by the majority also raises substantial questions of due process and equal protection of the laws. I would reverse the Appellate Division and

reinstate the judgment of the trial court dismissing the complaint.

Justice HANDLER joins in this dissent.

*For affirmance* —Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, SCHREIBER and POLLOCK—5.

*For reversal* —Justices SULLIVAN and HANDLER—2.