**GAF CORPORATION, Plaintiff,**

v.

**BARCLAY BROTHERS, INC., Defendants.**

**Civ. No. 80–2317.**

United States District Court, D. New Jersey.

Sept. 23, 1980.

---

McLaughlin & Mayers by Robert E. Nies, Millburn, for plaintiff.

David M. Serlin, Burlington, for defendants.

## OPINION and ORDER

BIUNNO, District Judge.

This is a suit for balance due on an open book account for photocopy supplies and the like. GAF is described as a Delaware corporation, with its principal place of business in Wayne, N. J. Barclay is a Pennsylvania corporation with its principal office in Philadelphia. Thus, there is diversity of citizenship.

Suit originally was filed in Superior Court, Passaic County, and defendant removed it here. Inspection of the removal papers discloses that the bond is defective, as it runs to "G.A.G. Corporation" instead of "GAF Corporation." This error will need to be corrected promptly, failing which the court will be obliged to remand the case.

On the strength of an affidavit of diligent inquiry, defendant was served by certified mail sent to its Philadelphia office. Defendant moved to dismiss for lack of in personam jurisdiction, claiming no contacts with New Jersey and citing *International Shoe v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). GAF responded by showing that Barclay has an agent for the service of process in Haddonfield, N. J., and has had since November 9, 1973, and has filed annual reports up to this year. By establishing an office with an agent in New Jersey, Barclay obtained the benefit of New Jersey's statutes of limitation free of the suspension under N.J.S. 2A:14–22. See *Velmohos v. Maren Eng. Co.*, 83 N.J. 282, 416 A.2d 372 (1980); *Hopkins v. Kelsey–Hayes, Inc.*, 628 F.2d 801 (CA 3, 1980).

The "minimum contacts" requirement of *International Shoe* only applies where a State attempts to serve its process outside its territorial boundaries. It has no application where the out–of–state defendant has an agent within the State with authority to receive service of process.[1]

However, the service as made was defective. It was alternative or substituted service, authorized by N.J. Court Rule R. 4:4–4(c)(3) only when service cannot be made in the State by one of the methods set out in R. 4:4–4(c)(1). Evidently, the "dili-

---

1. *International Shoe* and its progeny have only dealt with service of process by a State outside its territorial limits. This was made clear when the court said:

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, *if he be not present within the territory of the forum*, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278, 132 A.L.R. 1357 (1940). (Emphasis added).

gent inquiry", whatever it was, did not include inquiry of the Secretary of State, which would have disclosed the Haddonfield agent.

Ordinarily, the court would require re-service in the proper manner. However, Barclay's attorney has phoned to report that the motion is withdrawn. This is taken as an acceptance of the validity of the mode of service to avoid the needless repetition of service on the Haddonfield agent.

Barclay also moved for change of venue or for re-assignment. This motion has also been withdrawn but without prejudice. It may be renewed after discovery is complete and the pretrial conference held.

The disposition on the motions, therefore is:

1. A corrected removal bond is to be filed promptly or the case will be remanded to Superior Court;

2. The motion addressed to in personam jurisdiction and validity of service is withdrawn with prejudice;

3. The motion for change of venue or re-assignment is withdrawn without prejudice.

So ordered.