176 N.J. Super. 575 (1980)
424 A.2d 446
WALTER P. COONS, PLAINTIFF-RESPONDENT,
v.
HONDA MOTOR COMPANY, LTD., OF JAPAN, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1980.
Decided December 29, 1980.
*577 Before Judges FRITZ, POLOW and JOELSON.
John I. Lisowski, argued the cause for appellant (Morgan, Melhuish, Monaghan & Spielvogel, attorneys).
Robert H. Jaffe argued the cause for respondent (Robert H. Jaffe and Howard G. Schlesinger on the brief).
The opinion of the court was delivered by POLOW, J.A.D.
On October 30, 1974, plaintiff suffered serious injuries when thrown from his 1972 Honda CB350 motorcycle. In his complaint, filed October 30, 1978, he demanded damages from the designer-manufacturer, Honda Motor Co., Ltd. of Japan (Honda Ltd.) and its distributor, American Honda Motor Co., Inc. (American Honda) alleging that he suffered severe burns when the defectively designed gas cap opened during the accident and a fire ensued. American Honda, a wholly owned subsidiary of Honda Ltd., is authorized to do business in New Jersey and was promptly served. A year later, the court authorized service of process on Honda Ltd. through service on a Washington D.C. law firm acting as its agent, it was effected accordingly and Honda Ltd. became a defendant.
Summary judgment was granted in favor of American Honda based on its contention that plaintiff's suit was barred by the statute of limitations. In a separate opinion filed this day, we have affirmed that judgment against plaintiff. Here we deal with the appeal of defendant Honda Ltd. which contends that the court lacked in personam jurisdiction over it and that, in any event, it, too, should be afforded the protection of the statute of limitations, N.J.S.A. 2A:14-2.
*578 In December 1977, American Honda notified the National Highway Traffic Safety Administration of its intention to recall certain motorcycle models because a defect had been discovered in the fuel filler cap release mechanism. Notices of the defect were forwarded to owners of the recalled motorcycles, including the 1972 Honda CB350, in December 1977, but plaintiff claims he was unaware of the recall notice until July 1978 when so advised by his neighbor. Hence, he contacted counsel and suit was instituted on October 30, 1978. Appellant does not question the propriety of plaintiff's certification that after diligent inquiry and effort, personal service could not be made on any servant of Honda, Ltd., within this state, and that since the corporation is a foreign corporation with no place of business in this state, as far as service of process is concerned, it may be made by registered or certified mail return receipt requested to a registered agent. R. 4:4-4(c)(1). However, appellant attacks the ruling in favor of in personam jurisdiction, asserting lack of minimum contacts. Additionally, assuming arguendo that there is jurisdiction, it seeks protection of the statute of limitations.
Historically, jurisdiction was based upon a court's de facto authority over the person of the individual. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878). Accordingly, the physical presence of a defendant within the jurisdiction was critical to a binding judgment. However, in Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court extended the concept of due process to include in personam jurisdiction over a defendant not present within the territory of the forum provided he has "certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play.'" Id. at 316, 66 S.Ct. at 158. See Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).
Nevertheless, the "minimum contacts" requirement, in order to satisfy due process, requires that the defendant have some contacts, ties, or relations with the forum state for in *579 personam jurisdiction or that "a corporation exercis[e] the privilege of conducting activities within a state" thus enjoying the benefits and protection of its laws. Int'l Shoe Co. v. Washington, supra, 326 U.S. at 319, 66 S.Ct. at 160. Since 1945 there has been a discernible trend in the direction of expanding of in personam jurisdiction to the extent that, in 1974, a New Jersey Federal District Judge wrote that
when a manufacturer deliberately seeks to profit from marketing its products in a state, he is doing business within that state as to each transaction, whether he does so by an agent, indirectly by mail or even more indirectly through a third party, who may have an exclusive distributorship. In such case there is nothing unfair, unjust or violative of due process standards in imposing `in personam' jurisdiction over such a manufacturer in an action predicated upon that transaction.
Indeed, under such circumstances it would be fundamentally unfair for those who purchased products in New Jersey, relying on the protection of New Jersey's laws and courts to assure that the New Jersey's standards of fitness and warranties would be maintained, to be denied adjudication of their claims, and forced to travel throughout this nation, perhaps the world, seeking a forum in which the manufacturer of these goods was actually present. [Gelineau v. New York Univ. Hosp., 375 F. Supp. 661, 667 (D.N.J. 1974)]
Two years after that decision, a Federal District court in Nebraska under circumstances similar to those here present, involving this very appellant corporation, denied its motion to dismiss for lack of in personam jurisdiction. Hetrick v. American Honda Motor Co., Inc., 429 F. Supp. 116 (D.Neb. 1976). There, addressing the due process issue, the court said: "Where a foreign defendant has reason to know that its products, traveling through interstate commerce will reach an ultimate consumer in any state of the United States, due process is satisfied." Id. at 118. Furthermore, it was reasoned that "it would be fundamentally unfair to allow a foreign manufacturer to insulate himself from the jurisdiction of the courts by use of an exclusive distributor." Id. at 118-119.
Our state courts have been active in interpreting and applying the minimum contacts test requiring that "the quality and nature of the contacts [be] such that maintenance of the suit does not offend `traditional notions of fair play and justice.'" *580 Feldman v. Bates Manufacturing Co., 143 N.J. Super. 84, 89 (App.Div. 1976). See Trustees of Structural and Ornamental Iron Workers Fund v. Huber, 136 N.J. Super. 501, 505 (App.Div. 1975) certif. den. 70 N.J. 143 (1976). The necessary minimum contact may be found in the relationship between a foreign manufacturer and its New Jersey distributor. Certisimo v. Heidelberg, 122 N.J. Super. 1 (Law Div. 1972), aff'd sub nom. Van Eeuwen v. Heidelberg Easter, Inc., 124 N.J. Super. 251 (App.Div. 1973). Maintenance of such a suit does not offend the concepts of fair play and substantial justice. This is particularly true where as seems apparent here, the manufacturer-distributor relationship is an active one and explicitly designed to provide and ensure the sale of the foreign corporation's products. Obviously, the foreign corporation enjoyed substantial revenue from sales within this state.
The most recent application of the minimum contacts standard by the United States Supreme Court, while rejecting long-arm jurisdiction, provided dictum entirely applicable here. In World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), Mr. Justice White stated:
[I]f the sale of a product of a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others. [Id. at 297, 100 S.Ct. at 567]
In the situation sub judice, an affidavit of an assistant vice-president of American Honda reveals that appellant manufactures products in Japan and that sales are consummated in that country in accordance with American Honda's orders. All deliveries are made by appellant to American Honda f.o.b. Japan. Nevertheless, American Honda is a wholly owned subsidiary of appellant Honda, Ltd. We are convinced that a foreign manufacturer may not successfully insulate itself completely from suit in this country by such an arrangement where its product is negligently manufactured abroad and delivered for sale here and then avoid responsibility by use of its exclusive agent or *581 distributor. See Gelineau v. New York Univ. Hosp., supra, 375 F. Supp. at 667; Van Eeuwen v. Heidelberg, supra.
We conclude that appellant's reliance on World-Wide Volkswagen is unavailing. Not only is it distinguishable factually in that there the corporation's products were not sold in the forum state but, in addition thereto, the dictum therein is logical and persuasive. Hence, we affirm the ruling of the trial judge denying appellant's motion to dismiss the complaint for lack of in personam jurisdiction.
Appellant's next argument has some surface appeal. Honda Ltd., reasons that if in personam jurisdiction may be acquired simply by serving its legal agents in Washington D.C., then it is amenable to process and there is no reason to deny operation of the bar of the statute of limitations, N.J.S.A. 2A:14-2. Furthermore it suggests that failure to apply that bar in this case and the statutory justification for tolling the statute under these circumstances, N.J.S.A. 2A:14-22, violate the equal protection clause of the Fourteenth Amendment to the United States Constitution. Presumably, to support that argument, appellant could show that the very same legal agent ultimately served with process in 1979 was equally available in 1976, before the two year period of limitations had expired.
Any lingering concern about the propriety and constitutionality of the statutory provision which tolls the statute of limitations with respect to claims against a foreign corporation not represented in this state by anyone upon whom service of process can be made, N.J.S.A. 2A:14-22, has been dissipated by recent decisions of the New Jersey Supreme Court and the Third Circuit Court of Appeals, Velmohos v. Maren Engineering Corp., 83 N.J. 282 (1980) and Hopkins v. Kelsey-Hayes, Inc., 628 F.2d 801 (3 Cir.1980).
Velmohos involved a suit against two corporations of the State of Illinois, the designer and manufacturer of an allegedly defective shredder-baler. Since neither defendant maintained a registered office in this state or had agents for service of process *582 located in New Jersey, the provisions of N.J.S.A. 2A:14-22 were held to have tolled the statute of limitations although long-arm service could have been made outside of this state within the two year period.
Justice Pashman reasoned that the statutory language "not represented in the state by any person or officer upon whom summons or other original process may be served" is not interchangeable with "not amenable to service." Velmohos v. Maren Engineering Corp., supra, 83 N.J. at 288. Therefore, "unrepresented, foreign corporations subject to long-arm service are not exempt from N.J.S.A. 2A:14-22. Ibid.
The Velmohos court noted that N.J.S.A. 2A:14-22 (originally R.S. 2:24-7) was amended in 1949 for the express purpose of exempting "from the statute domestic corporations and those foreign corporations maintaining representatives in New Jersey." Id. at 289. Prior to 1949, the tolling provision did not deal with the foreign corporate defendant at all. Ibid. As the statement accompanying the 1949 Assembly Bill indicated: "`Foreign corporations licensed to do business in New Jersey are not deprived by judicial construction of the benefit of the statute of limitations. The purpose of this bill is to correct that situation.'" Id. at 290 (emphasis added). Obviously, amenability to service is not the appropriate test. Since the legislature "acted to remove only represented corporations from the tolling provisions of N.J.S.A. 2A:14-22," absent express language "incorporating amenability to long-arm service as an exemption from the tolling statute, that class of foreign corporations remains subject to its effect." Id. at 292-293 (footnote omitted). "[W]hatever hardship on foreign corporations might be caused by continued exposure to suit can be easily eliminated by the designation of an agent for service of process within the State." Id. at 293 n. 10; Lemke v. Bailey, 41 N.J. 295 (1963); Govan v. Trade Bank and Trust Co., 109 N.J. Super. 271 (App.Div. 1970).
Appellant also projects the argument that "there are Honda dealers readily found in the yellow pages of any telephone *583 directory," thus suggesting that Honda's high visibility warrants the conclusion that service could properly be effected in this state. The argument lacks force. R. 4:4-4(c)(1) deals only with "amenability" to service of process. N.J.S.A. 2A:14-22 tolls the statute of limitations with regard to foreign unregistered corporations "not represented in this state by a person or officer" for service of process. Without regard for the unlikely proposition that Honda dealers are agents of Honda, Ltd., the tolling provision of the statute refers to individuals who "represent" rather than those who perform details or who may be "minor functionaries" of the foreign corporation. Hopkins v. Kelsey-Hayes, Inc., supra, 628 F.2d at 808. "[T]he statutory tolling provision contemplates a much more significant corporate figure or presence  one capable of `representing' the corporation  than does the service rule." Ibid.
Velmohos and Hopkins leave no room for doubt that the statute of limitations does not bar plaintiff's action against Honda Ltd. Rather, the tolling provision, N.J.S.A. 2A:14-22, preserves plaintiff's claim under the circumstances, there being no representative of appellant in this state. Hence, we affirm the determination of the trial judge in that regard.
Defendant's constitutional argument that N.J.S.A. 2A:14-22 violates the equal protection clause has been put to rest by the Supreme Court in Lemke v. Bailey, supra, 41 N.J. at 303 and, much more recently, in Velmohos, as demonstrated by the following comment:
The flaw in defendants' argument is that it recognizes as rational only a distinction based on the impossibility of obtaining jurisdiction over a foreign corporation. It refuses to acknowledge that among amenable foreign corporations there are degrees of difficulty in effecting service. A recognition of these degrees of difficulty supplies a present rational basis for distinguishing between represented corporations and those unrepresented but amenable to long-arm service. [83 N.J. at 295].
The Hopkins court also addressed the equal protection argument in the following paragraph:
Since long-arm service is more difficult to achieve than service within the state, it is not irrational for New Jersey to distinguish between two classes of *584 foreign corporations. Those foreign corporations which are represented in New Jersey, and are thus more readily available to plaintiffs, are afforded limitations protections. On the other hand, the limitations statutes are tolled against foreign corporations which are not represented in New Jersey and thus are not as available to New Jersey plaintiffs. This distinction between represented and non-represented foreign corporations reflects the pragmatic difficulties which may be encountered by plaintiffs suing foreign corporations. Since service of process under the long-arm statute is more difficult and time-consuming to achieve than service within the state, and since out-of-state non-represented corporate defendants may be difficult to locate let alone serve, tolling the statute of limitations protects New Jersey plaintiffs and facilitates their lawsuits against such defendants. Because the tolling provision fulfills the legitimate state purpose of easing the special burdens of suits against non-represented foreign corporations, we cannot say that the distinction which it recognizes is irrational. [628 F.2d at 810-811 (footnote omitted)].
Accordingly, the order of the trial court denying the motion of Honda Motor Co., Ltd. of Japan for summary judgment, is affirmed and the matter is remanded for trial.